UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:  Case No. 15-44941

LYNETT MARIE TURNER, *pro se*,  Chapter 13

    Debtor.  Judge Thomas J. Tucker
_____/

**ORDER DENYING THE DEBTOR'S MOTIONS (1) TO REOPEN
THIS CASE; AND (2) TO "EXPUNGE" THIS CASE;
BUT WAIVING FILING FEE FOR THE MOTION TO REOPEN THIS CASE**

    This case is before the Court on the Debtor's two motions filed on July 12, 2019, entitled: (1) "ExParte Motion to Reopen Chapter 13 and Waive Fees" (Docket # 24, the "Motion to Reopen"); and (2) "Motion for/to Expunge Chapter 13" (Docket # 25, the "Expungement Motion"). The Court will deny both motions, for the following reasons.

    This Chapter 13 bankruptcy case was commenced on March 30, 2015, when the Debtor filed a voluntary bankruptcy petition in this Court (Docket # 1). The case was later dismissed, by an order filed on April 15, 2015 (Docket # 17), and the case was closed on April 20, 2015. The Debtor still owes the $310.00 filing fee for this case.

    The Debtor now seeks to have this bankruptcy case "expunged." The present motions were filed more than 4 years after this case was dismissed and closed. Both motions are based on the Debtor's allegation that this case was filed by the Debtor's "estranged husband" without the Debtor's knowledge. The Debtor has not filed any admissible evidence to support this allegation. Rather, she relies only on her own unsworn assertions in the motions, and an unsigned, unauthenticated, unsworn letter purportedly from some unnamed person at "John Muir Health" in Walnut Creek, California.[1]

    The Court must reject the Debtor's unsworn allegations as untrue, however, based on evidence in the Court's records of this case. Such evidence in the Court's records includes the "Pro Se Filing Information Form" that was filed with the bankruptcy petition on March 30, 2015 (Docket # 7), a copy of which is attached to this Order.[2] That form conclusively shows that the

---

    [1] *See* Docket # 25 at pdf page 8.

    [2] This form shows the Debtor's full date of birth, on the copy of the Debtor's Michigan Identification Card that is on the form. But the Court now orders that this form be filed as an attachment to this Order with no redactions. *Cf.* Fed. R. Bankr. P. 9037(a) (the "[u]nless the court orders otherwise" clause).

Debtor, Lynett Marie Turner,³ *personally* filed her bankruptcy petition at the office of the Clerk of this Court, on March 30, 2015.

This form was prepared by Clerk's office personnel and filed when the bankruptcy petition was filed. The check mark by the word "Debtor" on this form means that the named Debtor, Lynett Marie Turner, personally brought the bankruptcy petition to the Clerk's office and filed it, on March 30, 2015. And the picture identification card for Lynett Marie Turner that is shown on the form further shows that she is the person who brought the petition to the Clerk's office and filed it.

If the bankruptcy petition had been filed by the Debtor's estranged husband, as the Debtor now alleges, the Clerk's office personnel would have checked on this form either "Non-Debtor" or "Runner" rather than "Debtor," and the picture identification card that appears on the form would be that of the Debtor's estranged husband or some person other than the Debtor, rather than the Debtor's own picture identification card.⁴

For these reasons, the Court finds that the Debtor personally filed her own bankruptcy petition to commence this case on March 30, 2015. So there is no valid basis for this Court to "expunge" this long-closed case, or to grant any other relief for this Debtor in connection with this case. The Expungement Motion therefore must be denied. And the Motion to Reopen also must be denied, because it would serve no purpose to reopen this case.⁵

For these reasons,

IT IS ORDERED that to the extent the Motion to Reopen seeks a waiver of the filing fee for the motion to reopen, it is granted and such filing fee is waived.

IT IS FURTHER ORDERED that in all other respects, the Motion to Reopen and the Expungement Motion both are denied.

**Signed on July 19, 2019**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**

---

³ The "Name of Debtor" listed on the bankruptcy petition is "Lynett Marie Turner," who has also used the name "Lynett Marie Sluis." (Docket # 1 at p. 1).

⁴ For many years, the Court has used this "Pro Se Filing Information Form" in every bankruptcy case not filed by an attorney, so that the Court can later identify the person who actually filed the bankruptcy petition.

⁵ The Court expresses no view at this time about whether there may be other reasons to deny the Debtor's present motions, including the very long delay by the Debtor in filing these motions, more than 4 years after this case was dismissed and closed.

# UNITED STATES BANKRUPTCY COURT

## Eastern District of Michigan

### PRO SE FILING INFORMATION FORM

Date: 3/30/15　　　　　　　　　　　Deputy Clerk Initials: CK

Debtor(s): Lynett Turner

Case No.: 15-44941

**CASE ASSIGNED TO JUDGE TUCKER**

**PLEASE CHECK BELOW:**

(✓) Debtor _____

( ) Non-Debtor _____

( ) Runner _____

( ) Petition Preparer _____

( ) By Mail

